# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | ORDER OF DETENTION |
| V. | PENDING TRIAL |
| JOSE FLORES | Case Number: 1:08-CR-127 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
    ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure ~~the appearance of the defendant as required and~~ the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant resides in Chicago and has no ties to this district. The uncontradicted testimony was that he came to this district with several other men to collect a $100,000 drug debt. This involved him tying up the purported debtor and beating him with guns. The debtor was then taken to a farmhouse in Coopersville where the beatings continued with guns, rifles, a golf club and fists, and the victim was then brought back to his home in Grand Rapids where he escaped. Another person who happened upon the incident when defendant, his comrades, and the victim were initially at the victim's house, was also pistol whipped, beaten and robbed. One of the people with defendant stole the victim's truck (continued on attachment)

### Part II - Written Statement of Reasons for Detention

find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumptions in this regard, and in the alternative, the government has satisfied the same standard by the evidence it introduced at the hearing. The uncontradicted evidence of record shows that defendant frequently collects drug debts in Chicago and on this occasion brought several people with him to collect a $100,000 drug debt from a man in (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 7, 2008

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Jose Flores
1:08-CR-127
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

    and when he was stopped, a Beretta and a Glock, both loaded, were found on the floor boards of the truck and 35 pounds of marijuana was also found in the truck. Defendant has also been involved in collecting drug debts on numerous occasions in Chicago. Defendant uses marijuana on an every-other-day basis, and has a minor drug charge and a bond forfeiture on his record.

**Part II - Written Statement of Reasons for Detention - (continued)**

    Grand Rapids. The man was repeatedly bound, beaten and pistol whipped with guns, rifles, a golf club, among other things, and was kidnapped as well. An innocent person who appeared on the scene was similarly beaten and robbed. Firearms were used, and one of the defendant's accomplices stole the victim's truck. Clearly defendant is a danger to anyone owing him drug debts, and to potential witnesses.